UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS D. HARMAN, | ) | |
| | ) | 3:13-cv-00329-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | October 22, 2014 |
| | ) | |

Before the court is plaintiff's motion for attorney fees (#23)[1] in a case concerning Social Security benefits. The action was referred by the Honorable Larry R. Hicks, United States District Judge, to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4. For the reasons discussed below, the court grants plaintiff's motion for fees in the amount of $4,913.79.

**I.  FACTUAL AND PROCEDURAL HISTORY**

On June 19, 2013, plaintiff Dennis Harman ("plaintiff") filed a complaint for judicial review of the Social Security Commissioner's ("defendant") denial of his applications for Social Security benefits (#1). On March 31, 2014, the court ordered remand in accordance with a stipulation between the parties (#21). Soon thereafter, on July 14, plaintiff filed a motion for fees in the amount of $5,919.88 pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA") (#23). Defendant opposes only the amount plaintiff seeks (#26). In response to this opposition, plaintiff

---

[1] Refers to the court's docket numbers.

rescinded a voluntary ten percent discount applied to the sum in the opening figure, and thus seeks a revised award of $6,577.65 (#29).  This order follows.

## II. DISCUSSION

The EAJA provides attorney fees to the prevailing party in an action seeking review of an adverse Social Security benefits determination, unless the Agency's position was substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(A).  The touchstone of the award is reasonableness.  *See id.* § 2412(d)(2)(A) (providing that recoverable fees and expenses include "reasonable attorney fees"); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'").  To determine reasonableness, the court uses the lodestar method, under which a reasonable number of hours are multiplied by a reasonably hourly rate.  *Costa v. Comm'r of Soc. Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012).  The lodestar amount is presumptively correct, but the court may modify the amount based on factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) when the initial lodestar calculation inadequately reflects pertinent considerations.  *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008).

As a preliminary matter, the court finds that the Government's position was not substantially justified.  Therefore, plaintiff is entitled to EAJA fees.  Defendant does not contest that fees are warranted in this case (*see* #26), just as she did not contest that remand to the ALJ was proper for a reassessment of plaintiff's credibility, residual functional capacity, and other findings as required by the five-step sequential process (#20).  Accordingly, the court interprets the stipulation as a concession that defendant's position as not substantially justified and turns to the award's amount.

Relying on the lodestar method, plaintiff seeks fees in the amount of $6,577.65 for services rendered by lead counsel John Boyden and appellate counsel Linda Ziskin (#23, 26).  At core,

defendant contends that plaintiff's motion unreasonably seeks payment for excessive hours Ms. Ziskin spent on the motion for remand (#25).

### 1. Mr. Boyden's Hours.

Defendant asserts that the hours spent by Mr. Boyden, totaling fees in the amount of $1,134, are unreasonable because they contain 1.3 hours of clerical tasks, excessive time spent on a "boilerplate" complaint, and nearly one hour spent related to extension requests (#26 at 3). However, defendant also states that plaintiff's voluntary ten percent reduction, as discussed in *Costa v. Astrue*, 690 F.3d 1132 (9th Cir. 2012), "accounts for these excessive and improperly billed fees" to defendant's satisfaction (#26 at 3). The court agrees that a ten percent deduction will properly address any excesses, and accordingly will allow fees in the amount of $1,020.60 for Mr. Boyden's work on plaintiff's case.

### 2. Ms. Ziskin's Hours.

Defendant next seeks significant reductions in fees related to Ms. Ziskin's work. In particular, defendant asks the court to apply a ten percent reduction to the $5,443.65 sum attributable to her work, and also deduct an additional 14.7 hours, or $2,779.48, on the basis that her time on the motion for remand was excessive (#26 at 3-4). Defendant first points to the "staggering" 9.5 hours Ms. Ziskin spent drafting the jurisdiction summary, overview of the disability process, summary of medical evidence, and hearing testimony summary, which constitute only a few pages of the remand motion (#26 at 3). Second, defendant argues that the 12.7 hours Ms. Ziskin spent on the argument portion of the brief was unreasonable because the issues in this case are "routine" (#26 at 4). Defendant ultimately asks the court to reduce the award by 9 hours for Ms. Ziskin's work on the summaries, and 5.7 hours on the argument.

The court agrees with defendant the hours are in excess, but declines to impose deductions in the amounts defendant seeks. As the Ninth Circuit has explained, this court "should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). The court is persuaded, however, that the hours are somewhat excessive. First, the court reduces the 9.5 hours Ms. Ziskin seeks for preparing the summaries in the first seven pages by 5.5 hours. Defendant correctly observes that the disability overview section is identical to sections of briefs Ms. Ziskin has before filed in Social Security cases (*compare* #26-3 to #13 at 2-3). Moreover, Ms. Ziskin reviewed for over 4 hours the entire record prior to drafting the first seven pages of the motion (*see* #23-2). It is simply implausible that an attorney working with reasonable efficiency would require 9.5 hours to compose the case-specific portions of these sections, and little in these pages is unique to plaintiff's case. Accordingly, absent some fathomable reason for this amount of time, the court is unable to defer to Ms. Ziskin's professional judgment. The court will allow four hours for preparation of these sections.

Second, the court will also reduce the 12.7 hours in which Ms. Ziskin prepared the 6.5 pages of legal argument by 2.7 hours. The court acknowledges that the time log indicates that Ms. Ziskin completed other necessary tasks in these hours, including research, editing, finalizing the brief, and filing it with the court (#23-2). Even so, the court is persuaded that Mr. Boyden had already identified these issues, and therefore, ten hours is a sufficient period of time for an attorney of Ms. Ziskin's expertise to research and draft six pages of argument and finalize it for submission.

### III.  CONCLUSION

Plaintiff seeks $6,577.65 in fees (#23, 29).  For the reasons above articulated, the court finds proper a reduction of $1,663.86.  Accordingly, the court grants plaintiff's motion for fees (#23) in the amount of $4,913.79.

**IT IS THEREFORE ORDERED** that plaintiff's motion for fees (#23) be **GRANTED** in the amount of $4,913.79.

**IT IS FURTHER ORDERED** that, subject to any offset allowed under the Treasury Offset Program, as discussed *Astrue v. Ratliff*, 560 U.S. 586 (2010), defendant will send payment to Mr. Boyden.

**IT IS FURTHER ORDERED** that if neither party objects to this order within the period allowed by Local Rule IB 3-1, plaintiff will have 10 days in which to file a supplemental motion for fees related to litigating the fees motion.

**IT IS FURTHER ORDERED** that if either party objects to this order, plaintiff will have 10 days from the entry of the District Court's decision relating to said objection in which to file a supplemental motion for fees.

**IT IS FINALLY ORDERED** that the Clerk shall close this case if plaintiff does not timely file the supplemental motion as above described.

**DATED:** October 22, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**