**UNITED STATES DISFTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS D. HARMAN, | 3:13-cv-00329-LRH-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendants | |

Before the court is plaintiff's motion for supplemental attorney fees (#31) in a case concerning Social Security benefits. The action was referred by the Honorable Larry R. Hicks, United States District Judge, to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4. Defendant opposes a portion of the fees plaintiff requests (#32). Plaintiff replied (#33). For the reasons discussed herein, the court grants plaintiff's motion in the amount of $741.86.

### I.   BACKGROUND

On June 19, 2013, plaintiff Dennis Harman ("plaintiff") filed a complaint for judicial review of the Social Security Commissioner's ("defendant") denial of his applications for Social Security benefits (#1). On March 31, 2014, the court ordered remand in accordance with a stipulation between the parties (#21). Soon thereafter, on July 14, plaintiff filed a motion for fees in the amount of $5,919.88 pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA") (#23). After considering the arguments of the parties regarding the exact amount, this court awarded fees on

October 22, 2014 (#30). Therein, the court provided deadlines, with which plaintiff complied, for filing a motion for supplemental fees as permitted by *INS v. Jean*. This order follows.

## II.   LEGAL STANDARD

Under *INS v. Jean*, 496 U.S. 154, 161 (1990), an award of attorney fees under the EAJA includes expenses incurred and reasonable hours expended on litigating the EAJA fees motion. Therefore, the prevailing party may file a supplemental fees motion, and the court may award additional fees thereupon. As with the underlying fees motion, the touchstone of the supplemental award is reasonableness. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014); *see also Agster v. Maricopa Cnty.*, 486 F. Supp. 2d 1005, 1020 (D. Ariz. 2007) ("The Court will use the lodestar method to determine the amount of supplemental fees."). The lodestar amount is presumptively correct. *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). Second, and despite the presumption, the court may modify the lodestar amount. *Carter*, 757 F.3d at 869 (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir 1988) for the relevant factors, as first articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975)). In this District, the *Kerr* factors are incorporated into Local Rule 54-16.

## III.   DISCUSSION

Plaintiff's motion seeks $1,445.67, and plaintiff's counsel has included a timesheet identifying the tasks associated with litigating the original motion. Defendant challenges the amount

-2-

on the basis that it is unreasonable in context, as plaintiff counsel seeks 7.6 hours of compensation for a 2 ½ page reply. (#32 at 2-4.) Plaintiff argues that defendant's argument was rejected by the Ninth Circuit in *Costa v. Comm'r*, 690 F.3d 1132 (9th Cir. 2012).

The court agrees with defendant and will reduce the supplemental award because the lodestar amount does not appropriately reflect "[t]he novelty and difficulty of the questions involved[.]" LR 54-16(b)(3)(C). The court has reviewed plaintiff's reply (#29), and although plaintiff discusses applicable precedent therein, the reply consists of discussing the *Costa* case, much like plaintiff's argument regarding supplemental fees. The issues presented by defendant's opposition were not particularly complex, and a reply thereto did not reasonably require 7.6 hours of counsel's time. In particular, the court takes notice that counsel has discussed the same aspects of the *Costa* case repeatedly in other papers before this court. As such, counsel's plain familiarity with the case belies her assertion that preparing arguments based thereon require as much time as her time sheet indicates.

Further, portions of the argument in reply are inapposite and did not advance plaintiff's position. It does not matter, for example, that the Ninth Circuit did not "question" or "pick apart" her fees in the *Costa* case itself. The Court's lack of scrutiny in a particular instances does not preclude defendant from assessing the entries and seeking reductions as appropriate—particularly when defendant has duties to the public fisc. As another example, it is irrelevant "how long the government's lawyer took to perform similar tasks." (#29 at 3.) The court, in fact, does not "wonder" (*see id*.) about such issues, for the sole issue is the reasonableness of *plaintiff counsel's* time. Accordingly, in light of the work product and the entries provided by plaintiff, the court cannot conclude that the amount of time claimed litigating the fees motion is reasonable. On that basis, the court reduces the supplemental award by half, to $722.84.

## IV.   CONCLUSION

Plaintiff seeks $1,445.67 in supplemental fees.  For the reasons above described, the court reduces the amount as described and, therefore, awards $722.84.

**IT IS THEREFORE ORDERED** that plaintiff's supplemental motion for fees (#31) is **GRANTED** in the amount of $722.84.

**DATED:**  March 2, 2015.



_____
**UNITED STATES MAGISTRATE JUDGE**